IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV429-1
3:01CR36-1

DAVID PEREZ-GARCIA, )
)
                Petitioner, )
)
v. )
)
UNITED STATES OF AMERICA, )   MEMORANDUM OPINION
)
                Respondent. )
_____)

This matter is before the Court on petitioner's motion under 18 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 1 in 3:04CV429) and on respondent's response to petitioner's motion and motion for summary judgment (Filing No. 6 in 3:04CV429).

### PROCEDURAL HISTORY

On March 31, 2001, petitioner and seven co-defendants were indicted by a federal grand jury in the Western District of North Carolina. Count One[1] charged petitioner and his seven co-defendants with conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 17, 2001, the United States filed a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. § 851. This Notice informed petitioner that he would be subject to increased punishment upon conviction

---

[1] Count Two charged a co-defendant with an 18 U.S.C. § 924(c) violation.

because of a prior conviction for felony possession of a controlled substance on September 8, 1997.

A jury trial began on September 16, 2002, and ended on September 21, 2002, with convictions of petitioner and co-defendants Ramon Angel Garcia and Ian Andre Persaud for conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base. The jury also found that the conspiracy involved 50 grams or more of a substance containing a detectable amount of cocaine base and five kilograms or more of cocaine. The jury's finding relative to drug quantity triggered the sentencing provisions of 21 U.S.C. § 841(b)(1)(A) and subjected petitioner to a maximum sentence of life imprisonment. On January 13, 2003, this Court sentenced petitioner to 360 months imprisonment.

On January 21, 2003, petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On appeal, petitioner raised the following issues:

> 1. The district court erred by failing to dismiss count one of the indictment due to lack of proper venue;
>
> 2. The district court erred by declining to dismiss count one of the indictment because the statutes alleged were unconstitutional;
>
> 3. The district court erred by not sentencing Persuaud and Garcia according to the drug amounts found by the jury as essential elements of the indicted crimes; and
>
> 4. The district court erroneously denied appellants' motions for judgment of acquittal because the evidence was insufficient for a

> rational trier of fact to have been convinced
> beyond a reasonable doubt of appellants' guilt.

On February 12, 2004, the United States Court of Appeals for the Fourth Circuit issued an unpublished per curiam decision affirming petitioner's conviction and sentence. United States v. Persaud, 87 Fed. Appx. 869, 2004 WL 253440 (4th Cir. 2004). Petitioner did not file a writ of certiorari with the United States Supreme Court.[2]

On August 30, 2004, petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence. In said Motion, petitioner raises the following issues:

> 1. Whether all the facts were submitted to a jury and proven beyond a reasonable doubt;
>
> 2. Whether the Court exceeded its authority in applying two points to petitioner's criminal history;
>
> 3. Whether defense counsel violated petitioner's Fifth Amendment right by not objecting to the indictment; and
>
> 4. Whether petitioner received effective assistance of counsel.

## ANALYSIS

I. **FACTS DETERMINED BY THE JURY**

### A. Drug Amount

Petitioner argues that the specific drug amount attributed to him for sentencing purposes was not found by the jury. He specifically argues that while the jury specifically found that he was responsible for fifty grams or more of cocaine base

---

[2] Petitioner's co-defendant filed a petition for writ of certiorari that was denied June 14, 2004.

and five kilograms or more of cocaine, at sentencing the Court found that the amount of drugs reasonably foreseeable to petitioner was 150 kilograms of cocaine and 50 grams of cocaine base.

Petitioner raised this issue on direct appeal and it was denied by the Fourth Circuit. In so ruling the Fourth Circuit held that:

> This claim has no merit. Apprendi requires only that the threshold drug quantity be submitted to the jury, which was done here. United States v. Promise, 255 F.3d 150, 152, 156-57 (4th Cir. 2001)(en banc), cert. denied, 535 U.S. 1098, 122 S. Ct. 2296, 152 L. Ed.2d 1053 (2002). Also, the jury's conclusion regarding drug quantity triggered the sentencing provisions of 21 U.S.C. § 841(b)(1)(A), subjecting Persaud and Garcia to a maximum sentence of life imprisonment. Finally, we have determined that Apprendi does not apply to a judge's exercise of sentencing discretion within the statutory range if the sentence does not exceed the statutory maximum, which in this case it did not. United States v. Kinter, 235 F.3d 192, 199-200 (4th Cir. 2000).

The Fourth Circuit's ruling on this precise issue bars subsequent review by this Court. It is well-settled that issues previously decided upon appeal from conviction cannot be recast in the form of a § 2255 motion, and it will be dismissed. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

### B. Leadership Enhancement

Petitioner argues that his constitutional rights were violated when the judge found by a preponderance of the evidence that he should receive a four-point leadership enhancement. At the time of petitioner's sentence and conviction, Apprendi v. New Jersey was the controlling law. In Apprendi v. New Jersey, 530 U.S. 460 (2000), the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

The jury's finding that the conspiracy involved 50 grams or more of cocaine base and 5 kilograms or more of cocaine, exposed petitioner to a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Because petitioner's sentence of 360 months imprisonment did not exceed the statutory maximum for the quantity of drugs found by the jury, it does not violate the principles set forth by the Supreme Court in Apprendi.

The Supreme Court's holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), have no impact on petitioner's case. Petitioner's case became final before the Supreme Court issued its decisions in these cases.[3] Because these cases were decided after petitioner's

---

[3] The United States Court of Appeals for the Fourth Circuit issued an opinion in petitioner's case on February 12, 2004. Petitioner's time to file a petition for a writ of certiorari with the United States Supreme Court expired on May 12, 2004. Therefore, petitioner's case became final on or about May 12, 2004. See Clay v. United States, 123 S. Ct. 1072 (2003).

conviction and sentence became final, in order to impact his sentence, these cases would have to be determined to be retroactive on collateral review.

The Supreme Court has not made its holdings in Blakely or Booker retroactive to cases on collateral review. In fact, the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), strongly implies that Blakely is not to be applied retroactively. Furthermore, the Fourth Circuit recently held that the rule announced in Booker was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Consequently, the holdings in Blakely and Booker have no impact on petitioner's case.

## II. **Criminal History**

Petitioner also alleges that the Court erred in ruling that his criminal history was a category III instead of a category II. He argues that the two points added to his criminal history total pursuant to U.S.S.G. § 4A1.1(d) should not have been added because he was not on probation at the time of his arrest on April 17, 2001. Alternatively, petitioner argues that the two points should not have been added because they should have been included with the conspiracy conviction.

Petitioner did not raise this claim on direct review. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate that a miscarriage of justice[4] would

---

[4] In order to establish a miscarriage of justice, a petitioner must establish actual innocence. See Murrey v. Carrier, 477 U.S. at 496. Petitioner makes no argument in support of any claim of actual innocence.

result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Ineffective assistance of counsel may constitute cause for default. See Wright v. Angelone, 151 F.3d 151, 160 & n.5 (4th Cir. 1998)(constitutional ineffective assistance of counsel establishes cause sufficient to excuse procedural default).

Petitioner asserts that his appellate counsel's ineffectiveness "caused" him to default his criminal history claim. A claim of ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. There must be a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). The petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

In this case, petitioner cannot establish the prejudice prong. Section 4A1.1(d) of the United States Sentencing Guidelines provides that two points shall be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ." A comment to this section sets forth that two points

" are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice system, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) comment n.4.

Petitioner was convicted of a conspiracy that spanned the time period from July 1998 to March 13, 2001. Petitioner's probation for the 1997 Nevada conviction for possession of cocaine ended in 2000.[5] Because the conspiracy for which petitioner was convicted began before his probation ended, § 4A1.1(d) was correctly applied and any objection by petitioner's counsel would have been overruled.[6]

Nor would an argument based upon the assertion that his Nevada drug conviction should have been combined with his present drug conviction prevail. The Guidelines set forth that "[t]he term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Prior sentences are not considered related if they were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Id. comment, n.3. Petitioner was convicted in Nevada in 1997. The time frame of the conspiracy for which petitioner is currently incarcerated is 1998 to 2001.

---

[5] The Court notes that in his Motion to Vacate, petitioner makes the unsupported assertion that his probation ended in 1999. While the Court in no way credits petitioner's unsupported assertion, the Court notes that even if his probation were terminated in 1999, it would have no bearing on this Court's analysis.

[6] The Court also notes that the sentencing guideline range for petitioner was the same regardless of whether he was determined to have a category II or category III criminal history level.

Petitioner's prior Nevada sentence is not related to his instant offense, and petitioner cannot establish that he was prejudiced by his counsel's failure to object on this basis.

## III.  Rule 32

Petitioner also alleges that Rule 32 of the Federal Rules of Criminal Procedure was violated in his case because his PSR reflected a prior controlled substance violation and also because no sentencing memorandum was attached to his PSR.

Rule 32(b)(4(A) of the Federal Rules of Criminal Procedure requires that "[t]he presentence report must contain information about defendant's history and characteristics, including any prior criminal record."  Petitioner's 1997 controlled substance conviction in Nevada constituted a "prior criminal record" and therefore was properly included in petitioner's PSR.

Rule 32 does not require that a sentencing memorandum always be attached to a defendant's PSR.[7]  A review of the record reveals that the requirements of Rule 32 were complied with during the course of petitioner's criminal proceeding. Petitioner's vague allegation regarding the lack of a "sentencing memorandum" is insufficient to support a claim.

---

[7] The only objection raised by petitioner at his sentencing hearing was sustained. (Sent. Hearing Trans. p. 8).

## IV. Ineffective Assistance of Counsel

### A. Failure to Challenge Indictment

Petitioner alleges that his counsel was ineffective for failing to challenge his indictment based upon the fact that he was ultimately held responsible for a greater quantity of drugs than the amount set forth in his indictment.[8]

The Fourth Circuit specifically affirmed the drug quantity determination in Petitioner's case. This Court cannot relitigate issues that were already decided on appeal. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)(the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). Consequently, because the constitutionality of the drug quantity determination was upheld by the Fourth Circuit, at a minimum, petitioner cannot establish that he was prejudiced by his counsel's failure to challenge the indictment.

### B. Failure to Move for Severance

Petitioner alleges that his counsel was ineffective for failing to move to have him tried separately from his co-defendant. In support of his claim, petitioner asserts that his co-defendant had received a § 851 notice and that he was facing life imprisonment.

Barring special circumstances, individuals indicted together should be tried together. See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). In fact, a presumption exists that co-defendants should and will be tried together. See

---

[8] The Court notes that petitioner's argument does not really set forth a defective indictment allegation. Rather, it appears that petitioner attempting to recast his challenge to the drug quantity determination.

Richardson v. Marsh, 481 U.S. 200, 206-11 (1987). Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

At a minimum, petitioner cannot establish that he was prejudiced by his counsel's failure to move for severance. That is, petitioner provides no basis [9] upon which his counsel could have overcome the strong presumption in favor of joint trials. The fact that his co-defendant faced a potential life sentence simply does not support the argument that they should not have been tried together. [10] Petitioner's ineffectiveness of counsel claim fails on this issue.

**C. Defense Strategy**

Petitioner alleges that his counsel was ineffective with regard to presenting a strategic defense.

In response to petitioner's allegation, respondent has submitted an affidavit of petitioner's defense counsel. In his affidavit, petitioner's counsel stated that with petitioner's permission he met a number of times with co-defendant Persaud's counsel and determined that mounting a combined defense was the best defense strategy. Petitioner's counsel further states that this strategy was discussed with petitioner during his trial and petitioner agreed with those decisions. (Beam Aff. ¶11).

---

[9] See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

[10] Petitioner too faced a potential life sentence.

-11-

This Court specifically addressed petitioner in open court relative to his decision not to testify on his own behalf and not to call any witnesses. At that time, petitioner stated under oath that his decision not to testify was voluntary and that he had discussed the decision not to call witnesses on his behalf with his attorney and that he was satisfied with that decision. (Tr. Trans. pp. 1164-66).

"[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance" of counsel. United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983). Petitioner has failed to allege an ineffective assistance of counsel claim on this basis.

### D. **Failure to Object to Leadership Enhancement**

Petitioner also alleges that his counsel was ineffective for failing to object to the leadership enhancement that petitioner received. He does not specify how the facts established at trial do not support the determination that petitioner was a leader.[11]

Indeed, a review of the record supports the conclusion that petitioner was a leader in the conspiracy which involved more than five participants. At least four witnesses testified regarding his leadership role in the conspiracy. He recruited accomplices; exercised decision making authority; and actively participated in procuring and selling drugs. (Trial Trans. pp. 15-31; 83-94; 228-243; 510-20). Their testimony also established that the conspiracy consisted of more than five individuals, and this

---

[11] See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

supports a conclusion that petitioner was a leader as defined by § 3B1.1 of the Sentencing Guidelines. Coupled with his failure to articulate why he did not satisfy the criteria of § 3B1.1, this Court finds that petitioner was not prejudiced by his counsel's failure to object to the leadership enhancement.[12]

### E. Failure to Challenge the 851 Notice

Petitioner alleges that his counsel was ineffective for failing to "argue the 851 enhancement." Petitioner does not elaborate on this claim.

Petitioner does not directly challenge the predicate conviction for his § 851 notice. A defendant may not attack a predicate offense underlying a statutorily or Guidelines mandated sentence enhancement unless he is claiming a violation of his right to counsel. See Custis v. United States, 511 U.S. 485 (1994); United States v. Bacon, 94 F.3d 158 (1996). Petitioner's counsel would not have had any basis to challenge the notice.

The drug amount attributed to petitioner by the jury triggered the sentencing provisions of 21 U.S.C. § 841(b)(1)(A) which subjected petitioner to a maximum sentence of life imprisonment. The drug amount found by the jury resulted in a sentencing range of 360 months to life under the United States Sentencing Guidelines. Therefore, the § 851 notice did not impact petitioner's sentence and he was not prejudiced by his counsel's failure to challenge it.

---

[12] At his sentencing hearing, petitioner acknowledged under oath that he had reviewed his pre-sentence report with his attorney and discussed it with him. In addition, petitioner swore that he understood that the only objection to the report that had been filed was to the gun enhancement. (Sent. Trans. pp. 5-6). Nevertheless, petitioner never registered any disagreement with the decision not to object to the leadership enhancement.

### F. Failure to File Petition for Writ of Certiorari

Petitioner alleges that his appellate counsel was ineffective for belatedly informing him of the denial of his direct appeal and for failing to submit a writ of certiorari to the United States Supreme Court.  The United States Court of Appeals for the Fourth Circuit affirmed petitioner's sentence and conviction on February 12, 2004.  In a letter dated April 23, 2004, petitioner's defense counsel informed him that his appeal had been denied.  His counsel also informed petitioner that he could petition the United States Supreme Court for a discretionary review of his case by filing a writ of certiorari and that such a writ must be filed within 90 days of February 12, 2004.  He further stated that he did not think that a request to the Supreme Court would be successful.

In the case of an unsuccessful appellant represented by counsel, the appellate counsel's responsibilities are outlined in the plan adopted by the Fourth Circuit Judicial Council implementing the Criminal Justice Act of 1964.  See 18 U.S.C. § 3006A.  The Fourth Circuit Plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari.  If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2.

In this case, counsel did inform petitioner, in writing, of his right to petition the Supreme Court for a writ of certiorari.  Upon receipt of counsel's letter, petitioner did

not inform his counsel in writing, or otherwise, of his desire to petition for a writ of certiorari.[13] Rather, petitioner filed a motion with the Supreme Court, for an extension of time in which to file a certiorari petition which was denied on May 13, 2004. Moreover, the Court notes that petitioner received the notification prior to the expiration of his time[14] to file a petition for writ of certiorari and in sufficient time for him to request an extension of time to file a petition. Petitioner's ineffective assistance of counsel claim on this basis will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[13] Indeed, even if petitioner had requested in writing that his counsel file a petition for a writ of certiorari because his counsel did not believe that grounds existed for seeking such a writ, he would not have been obligated to file a petition. (Fourth Circuit Plan, § V).

[14] Petitioner had until May 12, 2004, in which to file a timely petition for writ of certiorari. Rule 13 of the Supreme Court Rules.