UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-467-FDW
(3:01-cr-36-FDW-1)

| | |
|---|---|
| DAVID PEREZ-GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255, and his alternative claims for relief.

## I. BACKGROUND

On March 13, 2001, Petitioner and several co-defendants were indicted in this district on one count of conspiring to possess with intent to distribute a quantity of cocaine base and cocaine, in violation 21 U.S.C. §§ 841(a) and 846. The indictment further alleged that the amount of cocaine base involved in the conspiracy was 50 grams or more and the amount of cocaine was 5 kilograms or more. The indictment also alleged that Petitioner had been convicted in Las Vegas, Nevada, in 1997 of a felony controlled substance offense. (3:01-cr-36, Doc. No. 1: Sealed Indictment).[1]

Petitioner elected to plead not guilty was convicted following a jury trial, the Honorable

---

[1] Several months after the indictment was filed, the Government filed a § 851 information which alleged the same 1997 conviction and notified Petitioner that the Government intended to seek enhanced penalties based on the 1997 conviction. (Id., Doc. No. 77).

1

Lyle E. Strom presiding. By their verdict, the jury specifically found that Petitioner was responsible for 50 grams or more of cocaine base and 5 kilograms or more of cocaine. (Id., Doc. No. 200: Jury Verdict). Following entry of the verdict, the U.S. Probation Office prepared a presentence report (PSR) in advance of his sentencing hearing. In the PSR, the probation officer identified the 1997 Las Vegas controlled substance conviction – possession of cocaine – for which Petitioner received an indeterminate period of probation that was ordered not to exceed three-years. Petitioner's probation was successfully terminated in 2000. (Id., Doc. No. 308: PSR ¶ 36). The probation officer calculated a base offense level of 38, increased two levels to 40 because the drug conspiracy involved a dangerous weapon, and another four levels because Petitioner was a leader or organizer in the conspiracy and the conspiracy involved five or more participants. (Id. ¶¶ 23, 24, & 26) (citing § 2D1.1(b)(1) and § 3B1.1(a) of the U.S. Sentencing Guidelines Manual (USSG)). The total offense level was then reduced by one level to 43 pursuant to USSG § Chapter 5, Part A. The probation officer calculated a Guidelines range of life imprisonment based on a Criminal History Category III and a total offense level of 43. The probation officer further noted that Petitioner faced a mandatory minimum term of 20 years and not more than life based on Government's § 851 notice.

On January 15, 2003, Petitioner was sentenced by the Honorable Lyle E. Strom to a term of 360-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 227: Judgment). Among other issues, Petitioner argued that his constitutional rights were violated, citing the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury found specific amounts of drugs were attributable to Petitioner for his role in the conspiracy beyond a reasonable doubt – 50 grams or more of cocaine base and 5

2

kilograms or more of cocaine – but the trial court later found that Petitioner was in fact responsible for 50 grams of cocaine base and 150 kilograms of cocaine by a preponderance of the evidence. The Fourth Circuit rejected this argument finding that "Apprendi requires only that the threshold drug quantity be submitted to the jury . . ." United States v. Persaud, 87 F. App'x 869, 872-73 (4th Cir. 2003) (per curiam) (internal citation omitted).[2] The Court noted that the Apprendi did not limit the trial court's "sentencing discretion within the statutory range if the sentence does not exceed the statutory maximum, which in this case it did not." Id. at 873. (internal citations omitted). In Petitioner's case, the Court observed that the jury's findings subjected Petitioner to the sentencing provisions of 21 U.S.C. § 841(b)(1)(A) which carried a maximum term of life imprisonment. On February 12, 2004, the Fourth Circuit filed its opinion and affirmed Petitioner's judgment in all respects.

On August 30, 2004, Petitioner filed a pro se § 2255 motion raising various claims, including whether all the facts were submitted to the jury and thereafter proven beyond a reasonable doubts. As to this claim, the district court noted that this claim had been raised by Petitioner, and rejected, by the Fourth Circuit on appeal. This claim was therefore denied on collateral review. (3:04-cv-429-LES, Doc. No. 12: Memorandum and Order at 4) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)). Petitioner's remaining claims were also rejected and his appeal was dismissed by the Fourth Circuit. See United States v. Perez-Garcia, 242 F. App'x 15 (4th Cir. 2007) (unpublished).[3]

## II.   STANDARD OF REVIEW

---

[2] A co-defendant was assigned the lead case number in this consolidated appeal.
[3] Petitioner also filed a petition for a writ of audita querela which the Court construed as a successive § 2255 motion and dismissed it on that basis and on the grounds that it lacked merit. (3:01-cr-36, Doc. 339: Order).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In the present proceeding, Petitioner asserts a claim for relief pursuant to § 2255, and alternative claims for relief under 28 U.S.C. § 2241, and pursuant to petitions for a writ of error coram nobis and audita querela. (3:14-cv-467, Doc. No. 1).

A. Section 2255

Among other cases, Petitioner cites the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), and the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In Alleyne, the Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), in holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155. However, Alleyne was not in effect at the time Petitioner was sentenced or at the time that Petitioner's direct appeal was pending. Moreover, the Alleyne decision has not been made retroactive to cases on collateral review. See United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013); cf. United States v. Strayhorn, 743 F.3d 917, 926 (4th Cir. 2014) (quoting Griffin v. Kentucky, 479 U.S. 314, 328 (1987)). As noted herein, Petitioner has already filed a §

4

2255 motion that was denied and dismissed and he has provided no evidence that he has obtained authorization from the Fourth Circuit to present a successive § 2255 motion therefore this motion will be dismissed. See 28 U.S.C. § 2255(h).[4]

B. 2241 Motion

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

Here, Petitioner is not challenging the lawfulness of his conviction. Rather, Petitioner contends that in light of new case law, he was improperly subjected to mandatory minimum term of imprisonment based, presumably, on his 1997 conviction for cocaine possession. This argument must fail.

First, because he does not challenge the legality of his conviction. Second,

---

[4] In Simmons, the Court held that in order to determine whether a defendant was subject to a sentence in excess of one year under North Carolina law, the district court must examine the record of the criminal defendant that is before the sentencing court and not a the record of a hypothetical criminal defendant with the worst possible record. Simmons, 649 F.3d at 246. The Court notes that the holding in Simmons was found to be retroactive to cases on collateral review in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013). However the Court did not find that the Supreme Court had declared that a new rule of constitutional law applied retroactively to cases on collateral review.

5

Petitioner was sentenced to 360-months' imprisonment which is a within-Guidelines sentence based on the drug quantities found by the trial court and Petitioner's criminal history category. Additionally, Petitioner's criminal judgment indicates that the Court did not base the calculation of his sentence on the § 851 information. Third, according to the PSR, Petitioner was sentenced on the 1997 Nevada conviction to a term of no more than 3-years of probation and had his probation been revoked he very well could have been sentenced to a term in excess of one year in prison, thus it does not appear the holding in Simmons is implicated. Moreover, the Simmons Court was interpreting North Carolina's unique Structured Sentencing Act in determining that Simmons could not have been sentenced to in excess of one year in prison.[5]

For these reasons, the § 2241 motion will be denied.

C.    Coram Nobis

Petitioner has pled an alternative claim for relief asking this Court to grant him a petition for a writ of coram nobis, however relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"); abrogated on other grounds by, Chaidez v. United

---

[5] Petitioner's reliance on Persaud v. United States, 134 S. Ct. 1023 (2014) is misplaced. In this case, the Supreme Court remanded Persaud's case to the Fourth Circuit to reconsider the denial of his § 2241 motion. Persaud sought relief from a mandatory life sentence of imprisonment based on two prior felony drug convictions, one of which was a North Carolina drug conviction which no longer qualifies as a predicate conviction for purposes of an enhanced sentence under § 851. Thus, Persaud was seeking relief from a mandatory term of life imprisonment and not a within-Guidelines sentence.

States, 133 S. Ct. 1103 (2013).

Petitioner is of course still in custody, and he is not contesting the legality of his conviction therefore this petition will be denied.

D.  Audita Querela

Finally, the Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). See In re Moore, supra ("The fact that Moore cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter this conclusion.") (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (internal quotation omitted). For the reasons stated, the petition for a writ of *audita querela* will be denied.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence is **DISMISSED** as an unauthorized, successive § 2255 motion. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's § 2241 motion, and his petitions for a writ of error coram nobis and audita querela are **DENIED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 3, 2014

*[signature]*

Frank D. Whitney
Chief United States District Judge