UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-CR-00036-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | ORDER |
| DAVID PEREZ GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on several motions filed by Defendant pro se: Motion to Appoint Counsel and to Reduce Sentence Pursuant to the First Step Act, (Doc. No. 366); Motion to Expedite, (Doc. No. 381); Motion to Modify Sentence pursuant to 18 U.S.C. 3582(c)(1)(A), (Doc. No. 386); Motion to Clarify and for Transcripts at the Government's Expense, (Doc. No. 387); and Motion to Modify Presentence Report, (Doc. No. 388). While these motions were pending, the Court issued an Order appointing counsel from the Office of the Federal Public Defender for the Western District of North Carolina for the purpose of assisting Defendant with his Motion to Reduce Sentence pursuant to Section 404 of the First Step Act and directing appointed counsel to file an Amended Motion for Reduction of Sentence incorporating all applicable arguments in support of the relief requested by Defendant. (Doc. No. 389). The Court allowed the first counsel entering an appearance to withdraw because of a conflict and ordered new counsel to be appointed. Prior to receiving that order, Defendant filed a Motion to Appoint Counsel in light of prior counsel's conflict, (Doc. No. 394). Counsel for Defendant entered an appearance, (Doc. Nos. 395, 396), and sought additional time to file the supplemental briefing ordered by the Court, (Doc. Nos. 397, 398). Counsel subsequently filed a Supplemental Motion,

1

(Doc. No. 399), and the Government responded in opposition, (Doc. No. 401), and supplemented the Government's original response to Defendant's pro se motion, (Doc. No. 382).

## I. Background

Between 1998 and 2000, Garcia, a resident of Las Vegas, Nevada, supplied large quantities of powder cocaine to a drug-trafficking conspiracy that operated in Charlotte and Greensboro, North Carolina and distributed both powder and crack cocaine. Doc. No. 308. Garcia hired drivers and shipped between 12 and 15 kilograms of cocaine at a time from Arizona to Las Vegas and then to North Carolina. Id. Garcia was known to carry handguns. Id. During the course of the conspiracy, Garcia was responsible for transporting approximately 600 kilograms of cocaine to co-conspirators in North Carolina. Id.

A jury convicted Garcia of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (Doc. No. 200). The Government filed an Information under Section 851 listing one prior felony drug conviction; therefore, at the time, Garcia faced a statutory mandatory sentence of 20 years to life in prison. Doc. No. 308.

Before sentencing, the United States Probation Office prepared a presentence report ("PSR") that attributed "at least 600 kilograms of cocaine hydrochloride" to Garcia. Doc. No. 308. As a result, the PSR calculated a level 38 for the drug amount, a two-level enhancement for possession of a firearm, and a four-level enhancement for a leadership role for a total offense level of 44. That level was reduced to 43, however, as directed by Chapter 5 of the guidelines. Id. at 8 ("an offense level of more than 43 is to be treated as an offense level of 43."). The PSR also calculated a criminal history category of III.

At sentencing, the court sustained Garcia's objection to the two-level enhancement for possession of a firearm. The court calculated his guidelines range as 360 months to Life and sentenced him to 360 months. (Doc. No. 227). The court also imposed 10 years of supervised release. Id. Defendant has served approximately 297 months of his sentence and now seeks a reduction to his sentence under the First Step Act, and to some extent, his pro se motions also seek compassionate release.

## II. Analysis

A. Supplemental Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act

Defendant seeks a reduction in his sentence under § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act gives retroactive effect to the changes made by § 2 and § 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under § 404 of the First Step Act, unless they have already moved for relief under § 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also § 404(c) of the First Step Act, 132 Stat. at 5222.

When presented with a motion for relief under Section 404 of the First Step Act, a district court must first determine whether the sentence qualifies for review on the merits. United States

3

v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020).  Here, Defendant undoubtedly qualifies for review, as he was sentenced for a violation of § 841(b)(1)(A); his motion for a reduction in sentence is addressed to the court that imposed the sentence; and the sentence has not been previously reduced under the First Step Act.  Indeed, the parties agree as to Defendant's eligibility for a reduction under the First Step Act.

Having determined that Defendant is eligible for a reduction, the applicable standard to determine whether to reduce his sentence is clear:

> [D]istrict courts exercising their discretion under the First Step Act to proceed in two steps. First, they must recalculate the movant's Guidelines range "only to the extent it adjusts for the Fair Sentencing Act." United States v. Shields, 48 F.4th 183, 192 (3d Cir. 2022); [Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6, 2403 n.8 (2022)]. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence. Concepcion, 142 S. Ct. at 2396, 2402 n.6.

United States v. Troy, __ F.4th __, 2023 WL 2669649 (4th Cir. Mar. 29, 2023).   The Court may may consider other intervening changes in law when determining what reduction, if any, is appropriate in an individual case; however, "Concepcion made clear the proper 'benchmark' for the district court's analysis is the impact of the Fair Sentencing Act on the defendant's Guidelines range."   Troy, No. 20-7725, 2023 WL 2669649, at *3 (citing Concepcion, 142 S.Ct. at 2402 & n.6).  Following the Guidelines range recalculation and after considering all non-frivolous arguments, "[t]he Supreme Court's Concepcion decision instructs that district courts need not reduce any sentence under the First Step Act." United States v. Reed, 58 F.4th 816, 824 (4th Cir. 2023).

Defendant does not contest that a recalculation of Defendant's Guidelines range under the Fair Sentencing Act results in no change in his Guidelines range as determined when his sentence

4

was originally imposed. The Court agrees and finds that the correct benchmark to be 360 months to life. The inquiry, however, does not end there, as this Court must consider Defendant's arguments for a reduction in the sentence of 360 months as imposed, including evidence of post-sentencing rehabilitation.

As an initial matter, the Court considers and summarily rejects Defendant's argument that the change in the statutory *minimum* sentence warrants a sentence reduction here. The Court did not initially sentence Defendant to the then-statutory minimum sentence of 20 years, and the Court sees no sufficient reason under this record to reduce Defendant's current sentence of 360 months (30 years) to a new statutory minimum.

Defendant's second argument for reduction hinges on his post-rehabilitation conduct, and Defendant specifically highlights the non-violent nature of the disciplinary infractions he received while incarcerated and his educational and work-related programming. While the Court agrees that Defendant has done an excellent job taking advantage of education and training programs, he has consistently received disciplinary infractions every couple of years, including as recent as 2021. Defendant's post-rehabilitation conduct does not weigh in favor of a sentence reduction under this record. Also, while Defendant is fortunate to have significant support from his family and community, this factor does not weigh in favor of sentence reduction based on the entirety of the record.

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. "To reach its sentence, the court must weigh the seven factors listed in § 3553(a): '(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing; (3) the sentences legally available; (4) the

5

Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.'" United States v. Fowler, 948 F.3d 663, 668 (4th Cir. 2020) (quoting Rita v. United States, 551 U.S. 338, 347-48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); citing 18 U.S.C. § 3553(a)(1)-(7)).

After considering the applicable 18 U.S.C. § 3553(a) factors and reviewing the record—including evidence of post-sentencing rehabilitation—and the parties' arguments (including those contained in Defendant's pro se filings), the Court finds that no reduction in sentence is appropriate for Defendant. In so ruling, the Court draws particular attention to the nature and circumstances of the offense for which Defendant is currently incarcerated, including the large quantities of powder cocaine (approximately 12 to 15 kilograms) Defendant was responsible for transporting to North Carolina. As such, Defendant's current sentence is sufficient, but not greater than necessary to reflect the seriousness of Defendant's convicted acts, afford adequate specific and general deterrence for similar conduct, and protect the public from further crimes. Accordingly, the motion to reduce his sentence under Section 404 of the First Step Act is denied.

B.    Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Defendant, acting pro se, also brings a motion under 18 U.S.C. § 3582(c)(1)(A). Informally known as the "compassionate release" statute, this provision is understood to "introduce compassion as a factor in assessing ongoing terms of imprisonment" by "authorizing a district court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments." United States v. Hargrove, 30 F.4th 189, 197 (4th Cir. 2022). Defendant has served approximately 24 years of his 30-year sentence and seeks

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because of elevated risk for COVID-19 given his health conditions, the heightened risk of serious illness or death caused by COVID-19, and conditions of his confinement and COVID-19 protocols. Notably, Defendant submitted medical records to demonstrate his health conditions. The Court finds these numerous serious health conditions, coupled with the threat of the COVID-19 virus and the conditions of his confinement, constitute "extraordinary and compelling reasons" to reduce his sentence.

Notwithstanding these asserted reasons, the Court finds that consideration of the applicable § 3553(a) factors counsel against a reduction for this Defendant for the reasons stated above. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)."). "'[A] particular fact need not be mentioned specifically in Section 3553(a) to be considered in the district court's sentencing calculus; many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" United States v. Bond, 56 F.4th 381, 384 (4th Cir. 2023) (quoting United States v. Jackson, 952 F.3d 492, 500 (4th Cir. 2020)). In addition to the reasoning explained above, the Court notes that the medical records submitted by Defendant also make clear he is receiving medical treatment for his conditions while incarcerated, which also counsels against release under this record. United States v. Malone, 57 F.4th 167, 176 (4th Cir. 2023) ("District courts must consider the following relevant § 3553(a) factors as they pertain to the defendant: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the

7

need for the sentence imposed to provide just punishment, afford adequate deterrence, protect the public, and *provide the defendant with training, medical care, or other correctional treatment in the most effective manner*." (cleaned up; emphasis added)). Accordingly, this motion is DENIED.

C.  Motion to Modify Presentence Report and Motion to Clarify and for Transcripts

Defendant also filed pro se motions seeking modification to his presentence report and clarification of his sentence to reflect this Court did not apply a two-level enhancement at sentencing. In this case, Defendant has unsuccessfully filed collateral motions contesting his conviction and/or sentence, including requesting corrections to his PSR. (See, e.g., Doc. Nos. 304, 339, 353). The Court construes Defendant's Motion to Modify and Motion to Clarify as successive and untimely section 2255 motions. See 28 U.S.C. § 2244(b)(3)(A) ("[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals."); see also 28 U.S.C. § 2255(h). Furthermore, the Court has reviewed Defendant's motions on the merits and finds no legal requirement to grant the relief requested. Finally, the Court declines to authorize a certificate of appealability for the reasons set forth above.

### III.  Conclusion

IT IS THEREFORE ORDERED that Defendant's Motions to Appoint Counsel, (Doc. No. 366, 394), are DENIED AS MOOT in light of the other orders entered by this Court appointing counsel.

IT IS FURTHER ORDERED that Defendant's Motions for Extension of Time, (Doc. Nos. 397, 398), are GRANTED NUNC PRO TUNC such that the Supplemental Motion, (Doc. No. 399), is deemed TIMELY FILED.

IT IS FURTHER ORDERED that Defendant's Supplemental Motion to Reduce Sentence, (Doc. No. 399), is DENIED; and Defendant's Pro Se Motions, (Doc. Nos. 366, 381, 386), are also DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Modify Presentence Report, (Doc. No. 388), is DENIED, and the Motion to Clarify and for Transcripts, (Doc. No. 387), is DENIED.

IT IS SO ORDERED.

Signed: March 31, 2023

Frank D. Whitney
United States District Judge