UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:01-CR-00036-FDW

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| v. | ) ) ) | **ORDER** |
| DAVID PEREZ GARCIA, | ) ) |  |
| Defendant. | ) ) |  |

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration (Doc. No. 410) of this Court's Order denying his motion for a sentence reduction (Doc. No. 409). For the reasons set forth below, Defendant's Motion is **DENIED**.

As an initial matter, the Federal Rules of Civil Procedure—which provide for motions for reconsideration—do not apply to motions under 18 U.S.C. § 3582 because those motions are "criminal in nature." United States v. Broxton, No. 21-6489, 2022 WL 595658, at *1 (4th Cir. Feb. 28, 2022) (quoting United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010)). And no federal statute or rule authorizes motions for reconsideration in the criminal sentencing context. See Goodwyn, 596 F.3d at 235–36. Instead, the Court will construe Defendant's motion as a renewed motion for relief under Amendment 821 to the United States Sentencing Guidelines.

The Court denied Defendant's first motion for a sentence reduction under Amendment 821 because the amendment did not change his Guidelines Range. (Doc. No. 409, p. 2.) Specifically, while Part A of the amendment would reduce Defendant's criminal history to a category II, his Guidelines Range remained 360 months to life, therefore he was not eligible for a sentence reduction. In his renewed motion, Defendant argues he should receive the benefit of a sentence reduction under Amendment 706 to the Sentencing Guidelines, reducing his total offense level to

1

forty (40), *and* a sentence reduction under Amendment 821 Part A, reducing his criminal history category to a category II. Together, those changes would yield a Guidelines Range of 324 to 405 months. (Doc. No. 410.)

The record belies Defendant's argument. In an Order dated January 6, 2011, this Court denied Defendant relief under Amendment 706. (Text-Only Order, Jan. 6, 2011.) In that Order, the Court explained by illustration that if Defendant were entitled to relief under Amendment 706, his total offense level would be reduced to forty (40) and his Guidelines Range would remain the same—360 months to life. The Court did not grant Defendant's motion. Indeed, several years later, in ruling on Defendant's motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines, the Fourth Circuit affirmed this Court's ruling that Defendant was not entitled to relief under "Amendments 706, 748, 750, and 782 in the 'aggregate'" because none would change his base offense level.[1] (Doc. No. 364, p. 3.)

Because Defendant's total offense level remains forty-two (42), the Court's prior ruling denying his motion for a sentence reduction stands. A total offense level of forty-two (42) and criminal history category II yields a Guidelines Range of 360 months to life, the same range the Court considered in imposing Defendant's original sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration, (Doc. No. 410), is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 28, 2024

Frank D. Whitney
United States District Judge

---

[1] To the extend Defendant continues to challenge the Court's determination of the drug quantity attributable to him for purposes of calculating his Guidelines Range, the Fourth Circuit has already rejected this argument on direct appeal (Doc. No. 265, pp. 5–6) and in ruling on his appeal of the Court's order denying his motion for a sentence reduction under Amendments 706, 748, 750, and 782 (Doc. No. 364, p. 3 n.*).